3

**J. RUSSELL CUNNINGHAM, State Bar #130578**
**J. LUKE HENDRIX, State Bar #271424**
**GABRIEL P. HERRERA, State Bar #287093**
**NABEEL M. ZUBERI, State Bar #294600**
**DESMOND, NOLAN, LIVAICH & CUNNINGHAM**
1830 15ᵗʰ Street
Sacramento, California  95811
Telephone: (916) 443-2051
Facsimile: (916) 443-2651

Attorneys for Kimberly J. Husted
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>BEVERLY ANNE HOLTHOUSE,<br><br>Debtor. | Case No. 14-26008-C-7<br>Chapter 7<br><br>DNL-2<br><br>Date:      November 17, 2015<br>Time:      9:30 a.m.<br>Location: 501 I Street, 6ᵗʰ Floor<br>                 Department C<br>                 Sacramento, CA 95814 |

**MOTION FOR ORDER AUTHORIZING SALE OF ESTATE PROPERTY**

KIMBERLY J. HUSTED ("Trustee"), in her capacity as trustee for the bankruptcy estate of BEVERLY ANNE HOLTHOUSE ("Debtor"), hereby moves for authority to sell the bankruptcy estate's interest in the shares of Pajaro Valley Cold Storage Company, Inc. ("Corporation"), to MARK PISTA ("Buyer"), for the purchase price of $22,000, subject to overbidding through conclusion of the sale hearing.  In support of her motion, the Trustee submits the following:

**JURISDICTION AND BACKGROUND**

1.      This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157(b)(2)(A), 157(b)(2)(N), and 1334.  Venue is proper in this District pursuant to 28 U.S.C. § 1409.  Relief is sought pursuant 11 U.S.C. § 363(b) and Federal Rule of Bankruptcy Procedure 6004.

1    2.      On June 5, 2014, the Debtor caused the above-captioned bankruptcy case to be

2  commenced by the filing of a voluntary Chapter 7 petition.  The Trustee is the duly appointed

3  Chapter 7 trustee.

4    3.      The Debtor's schedules identify her interest in a 1/8 membership share in the

5  Corporation, valued at $1.00 and not subject to a claim of exemption.  During her due diligence

6  investigation, the Trustee learned that the Debtor actually holds a 1/4 membership share in the

7  Corporation.  In addition, the Debtor's Schedule B reflects that as of the petition date, no dividends

8  had been paid on account of the Debtor's interest in the Corporation since 2011.

9    4.      At a July 23, 2015 annual meeting, the board of the Corporation adopted amended

10  and restated bylaws which structure the Debtor's 1/4 membership share into 250 shares ("Shares").

11    5.      The Debtor's schedules reflect unsecured debt aggregating $55,955. The claims filed

12  in the Debtor's case approximate $16,339.  The last date to timely file a general unsecured claim was

13  October 15, 2014.

## TERMS OF SALE AGREEMENT

15    Subject to Bankruptcy Court approval, the Trustee has entered into a sale agreement

16  with the Buyer for the Buyer's purchase of the estate's interest in the Shares. The essential terms of

17  the agreement include the following: (1) the Buyer shall purchase the estate's interest in the Shares

18  for the purchase price of $22,000 (i.e. $88.00/share), payable as follows: (a) $5,000 due upon

19  execution of the agreement, nonrefundable in all cases unless the Buyer is not the successful bidder

20  or the agreement is not approved by the Bankruptcy Court; and (b) $17,000 due within 10 calendar

21  days of entry of Bankruptcy Court order approving the agreement; and (2) the sale shall be subject

22  to overbidding at a duly noticed hearing.

## BASIS FOR APPROVAL OF SALE

24    Pursuant to 11 U.S.C. 363(b)(1), a trustee can sell property of the estate after notice and

25  hearing.  A sale under Section 363(b)(1) must have a valid business justification and be proposed

26  in good faith. *In re 240 North Brand Partners, Ltd.*, 200 B.R. 653, 659 (9th Cir. BAP 1996).  The

27  Trustee's proposed sale has a valid business justification and is in the best interest of the estate. The

28  estate will benefit from the sale proceeds and from an efficient administration of the Shares. The sale

2

1 price exceeds the Debtor's scheduled value and provides a sure recovery from an asset that has not

2 resulted in a dividend for approximately four years.  To date, the Trustee has received no higher or

3 better offers for the Shares, and any prospective buyers interested in bidding more for the Shares will

4 have an opportunity to do so through conclusion of the sale hearing.  As such, the proposed sale is

5 a good faith effort by the Trustee to maximize the net return to the estate on account of the Shares.

6     **WHEREFORE**, the Trustee respectfully requests that her motion be granted, and such

7 other and further relief as the Court deems necessary and proper.

8 Dated: October 21, 2015        **DESMOND, NOLAN, LIVAICH & CUNNINGHAM**

9

10        By: _____

11            NABEEL M. ZUBERI
           Attorneys for Kimberly Husted,
           Chapter 7 Trustee

3